OPINION
On September 22, 1999, a criminal complaint was filed alleging that Julian J. Giardello had violated R.C. 4301.69(A) by selling beer to a person under the age of twenty-one. A jury trial was demanded on behalf of Mr. Giardello and trial within ninety days from the date of the service of summons was demanded.
A pre-trial conference was held October 10, 1999 and the case was set for trial on November 23, 1999. Subsequent to the pretrial, a written demand for discovery was filed on behalf of Mr. Giardello.
On November 23, 1999, counsel for Mr. Giardello made an oral motion requesting the trial court to dismiss the case because the name of the person who allegedly purchased the beer was not set forth in the criminal complaint. Counsel for the state of Ohio made an oral motion to amend the complaint to add the name of the alleged purchaser. The trial judge ordered the complaint dismissed, noting that the dismissal was over the objection of the prosecution.
The state of Ohio has pursued a direct appeal of the dismissal, assigning three errors for our consideration:
APPELLANT'S FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY RULING THAT THE COMPLAINT WAS FAULTY AND DISMISSING IT OVER THE OBJECTION OF THE APPELLANT.
 APPELLANT'S SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO ALLOW THE APPELLANT TO AMEND THE COMPLAINT, PURSUANT TO CRIMINAL RULE 7(D), TO REFLECT THE NAME OF THE MINOR.
 APPELLANT'S THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO COMPLY WITH THE PROVISIONS OF CRIMINAL RULE 48(B) WHEN IT DISMISSED THE COMPLAINT OVER THE OBJECTION OF THE APPELLANT.
The complaint filed on September 22, 1999 alleged that on September 11, 1999, Julian J. Giardello had unlawfully sold two twenty-four ounce cans of Miller Lite Beer to a person under twenty-one years of age. The complaint alleged a violation of R.C. 4301.69. The complaint did not list the name of the purchaser, but indicated the age of the purchaser as being seventeen years of age.
The complaint is defective on its face for a number of reasons, but not the reason utilized by the trial court. First, the document alleges that it was served on Mr. Giardello on September 11, 1999 at the same time that it alleges that it was "sworn to and subscribed" on September 22, 1999.
Crim.R. 3 sets forth the requirements for a complaint. The rule reads:
 The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths.
Obviously, no oath had been administered when the document was provided to Mr. Giardello or shown to Mr. Giardello on September 11, 1999. Thus, no complaint was served upon him by summons or otherwise. The service copy of the complaint is still attached to the original copy of the complaint and appears to have been signed by Mr. Giardello eleven days before the complaint was sworn or filed. At the same time, a "Clerk's Determination of Probable Cause" appears on the back of the complaint with the boxes checked to indicate "probable cause found" and "summons to issue." No subsequent service of summons occurred.
We note also that a question is presented as to whether the "complaint" was sworn before anyone or subscribed before anyone. If the agent from the Ohio Department of Public Safety who attempted to initiate the charge actually swore out the complaint and subscribed it before the representative of the clerk's office, the document had not been executed when Mr. Giardello was asked to sign it. If the agent had signed it eleven days before filing it, he did not subscribe it before the clerk.
In short, the criminal proceeding was not appropriately instituted and the trial court was correct to dismiss the charge.
The first assignment of error is overruled.
The deficiencies in the initiation of the proceedings could not be rectified by merely adding a name to the complaint. However, the name of the purchaser is not an element of R.C.4301.69, so amendment of the complaint to add the name of the purchaser would normally be permissible.
The second assignment of error is overruled because of the problems regarding the signing and serving of the complaint.
Under the circumstances, the trial court's failure to enter findings as to the various defects in the complaint is not prejudicial error.
The third assignment of error is overruled.
All three assignments of error having been overruled, the judgment of the trial court is affirmed.
PETREE and BRYANT, JJ., concur.